IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PAUL GARCIA,**

      **Plaintiff,**

v.

                                                                                 **1:13-cv-00586-RB-SCY**

**PETER D. ROMERO, in his individual and
official capacity,**

      **Defendants.**

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER
MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT**

      **COMES NOW** Defendant Peter Romero ("Defendant" or "Officer Romero"), by and through his attorney of record, Assistant City Attorney Kristin J. Dalton, and respectfully responds to Plaintiff's Motion to Reconsider Memorandum Opinion and Order Granting Summary Judgment. In support of his response, Defendant states as follows:

      In his Motion to Reconsider, Plaintiff argues that this Court should reconsider its Order granting summary judgment to Defendant based solely on Plaintiff's assertion that his admission that he may have crossed a white line during a turn did not constitute an illegal activity for which Officer Romero would have probable cause for the traffic stop[1]. What Plaintiff fails to address, however, is the fact that he pleaded "no contest" to the charge of failure to maintain – the very charge for which Officer Romero had probable cause to stop Plaintiff. *See Howard v. Dickerson*, 34 F.3d 978, 981, n.2 (10th Cir. 1994) (noting that "a conviction represents a defense to a § 1983 action asserting arrest without probable cause."). Additionally, Plaintiff does not address his failure to specifically dispute Officer Romero's undisputed material facts in his Response to

---

[1] Plaintiff does not ask this Court to reconsider its decision on the arrest for driving while intoxicated. Rather, Plaintiff's Motion is focused solely on the traffic stop itself.

Officer Romero's Motion for Summary Judgment.  Officer Romero's undisputed material facts established Officer Romero's probable cause for his stop of Plaintiff's vehicle, which was recognized by this Court.

This Court's Memorandum Opinion and Order confirms the sufficiency of Officer Romero's probable cause vis-à-vis several means.  First, this Court recognized that Plaintiff never expressly denied driving on the white line, as attested to by Officer Romero. [Doc. 48, pg. 5]  Second, Plaintiff's admission that he "may have inadvertently crossed a white line during a turn" was recognized.  [*Id.*]  Third, this Court pointed out that Plaintiff pled "no contest" to the lane violation charge.  [*Id.*]  In his Motion, Plaintiff only disputes that this Court erred in its analysis of one of these factors, i.e., Plaintiff's admission that he may have driven over a white line, and fails to address the other two.  This Court's analysis that Plaintiff has only provided a mere scintilla of evidence, of which is not sufficient to defeat summary judgment, is correct, and therefore, Plaintiff's Motion to Reconsider should be denied.

Additionally, Plaintiff has never argued that his clearly established constitutional rights were violated.  Plaintiff has never provided this Court with any case within the Tenth Circuit that would have put Officer Romero on notice that his actions in stopping Plaintiff's vehicle based on his observation that Plaintiff breached the white line would violate Plaintiff's constitutional rights.  Rather, the case law concerning reasonable suspicion and probable cause for a vehicle stop and arrest point to the opposite conclusion.[2]  Based on the facts argued above, and Plaintiff's admission that he "may have" crossed a white line during a turn, neither Officer Romero nor any other reasonable officer could have been aware that an arrest would violate

---

[2] Defendant hereby incorporates by reference the legal authority and cases relied on his Motion for Summary Judgment [Doc. 26] and Reply to Plaintiff's Response to Motion for Summary Judgment [Doc. 46]

Plaintiff's constitutional rights.  Nor has the "clearly established weight of authority from other courts" imposed a duty to release under these circumstances. *Cortez*, 478 F.3d at 1114-15 (internal quotation marks omitted).

**WHEREFORE**, based upon the foregoing arguments, points and authorities, Officer Romero requests that this Court deny Plaintiff's Motion to Reconsider Memorandum Opinion and Order Granting Summary Judgment, and such further relief as the Court deems just and proper.

Respectfully submitted,

**CITY OF ALBUQUERQUE**
David Tourek, City Attorney

  /s/ *Kristin J. Dalton*
Assistant City Attorney
P.O. Box 2248
Albuquerque, New Mexico 87103
(505) 768-4500
F: (505) 768-4440

*Attorney for Defendant Peter Romero*

I hereby certify that a true copy
of the foregoing pleading was
e-filed and caused to be served upon:

Ray Twohig, Esq. and
Nick Sitterly, Esq.
TWOHIG LAW FIRM
8898 Rio Grande Blvd. NW
Albuquerque, NM  87114
(505) 898-0400
*Attorneys for Plaintiff*

on this 24th day of October, 2014

  /s/ *Kristin J. Dalton*
Kristin J. Dalton, Assistant City Attorney