IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


PAUL GARCIA,

      Plaintiff,

v.                                                                    No. CIV 13-586 RB/SCY

PETER D. ROMERO,
In his individual and official capacities,

      Defendant.


**MEMORANDUM OPINION AND ORDER**

Plaintiff Paul Garcia sued the Defendant Officer for various state and federal law violations after a traffic stop turned contentious. The Court granted Defendant's Motion for Summary Judgment. Plaintiff now asks the Court to reconsider its earlier decision. (Doc. 50.) Having reviewed the parties' submissions and arguments, the Court **DENIES** the motion.

## I.    BACKGROUND

On September 20, 2012, Defendant Officer Peter D. Romero saw Plaintiff's car drifting onto the white line and into the shoulder of Interstate 40 in Albuquerque, New Mexico. (Doc. 26; Doc. 40-3.) Defendant Officer Romero pulled over Plaintiff's car. (Garcia Aff., Doc. 40-1.) Plaintiff questioned the basis for the traffic stop and refused to produce his insurance and registration. (Doc. 26; Doc. 40.) Officer Romero smelled alcohol emanating from Plaintiff's person and ordered him to exit the car. (Doc. 26.) Plaintiff maintains that he was not intoxicated and had not drunk any alcohol that day. (Doc. 40-1; Madrid-Garcia Aff., Doc. 40-2.)

Refusing to exit the vehicle, Plaintiff and Officer Romero entered into a verbal dispute. (Romero Aff., Doc. 26-1 at 2-5; Doc. 40.) Officer Romero eventually called for backup. (*Id.*)

After the second officer, Officer Shawn Casaus, arrived, Plaintiff stepped out of his vehicle. (Doc. 40-1)  Plaintiff refused to take either a field sobriety test or a breathalyzer test.  (Doc. 26; Doc. 40; Doc. 40-3 at 10.)

Plaintiff was charged with failure to maintain his lane and driving while intoxicated ("DWI").  (Doc. 26; Doc. 40-1; Doc. 40-3.)  At his criminal trial, Plaintiff was acquitted of the DWI charge and pled "no contest" to the failure to maintain his traffic lane.  (Doc. 40-1; Doc. 40-3.)

Plaintiff filed a Complaint against Officers Romero and Casaus, contending that they violated his Fourth and Fourteenth Amendment rights and state tort law.  (Doc. 1.)  The parties agreed to dismiss all municipal claims and the suit against Officer Casaus.  (Order, May 1, 2014, Doc. 31; Order, June 26, 2014, Doc. 44.)  Invoking the doctrine of qualified immunity, Officer Romero moved for summary judgment on the remaining claims.  (Doc. 26.)  The Court granted Defendant's Motion for Summary Judgment and entered judgment in favor of the Defendant. (Docs. 48, 49.)  Now Plaintiff asks the Court to reconsider its decision.  (Doc. 50.)

## II.    LEGAL STANDARD

Although not technically recognized in the Federal Rules of Civil Procedure, a party seeking reconsideration of a judgment may file a motion to alter or amend the judgment pursuant to Rule 59(e) or 60(b).  *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991); *Jaramillo v. Gov't Employees Ins. Co*., 573 F. App'x 733, 738 n.4 (10th Cir. 2014).  The governing Rule changes based on the timing and substance of the motion.  *See Jaramillo*, 573 F. App'x at 738 n.4.  For motions filed less than twenty-eight days after the judgment, like the motion at hand, Rule 59(e) governs.

The Tenth Circuit recognizes certain, limited grounds for granting a Rule 59(e) motion, including "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Jaramillo*, 573 F. App'x at 738 n.4 (quoting same). A clear error occurs when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. A motion for reconsideration under Rule 59(e) is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Id.* A district court has considerable discretion in ruling on a motion to reconsider. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

### III.   DISCUSSION

In his Complaint, Plaintiff claimed that Defendant Romero did not have reasonable suspicion to initiate the traffic stop. (Doc. 1.) Defendant avers that he initiated the traffic stop based on his observation that Plaintiff's car drifted over the white line on the highway. (Doc. 26; Doc. 40-3.) In his Motion for Summary Judgment, Defendant claimed entitlement to qualified immunity. (Doc. 26.) When a defendant raises the defense of qualified immunity, "a plaintiff must properly allege a deprivation of a constitutional right and must further show that the constitutional right was clearly established at the time of the violation." *Kaufman v. Higgs*, 697 F.3d 1297, 1300 (10th Cir. 2012).

Finding that Plaintiff was unable to establish that Defendant violated his constitutional rights, the Court granted summary judgment based on qualified immunity. (Doc. 48 at 5.) The Court based its ruling, in part, on the fact that Plaintiff made inconsistent statements regarding

whether or not he was driving on the white line.  (Doc. 48 at 5.)   Plaintiff characterized Defendant's version of the story as "unlikely to be true" but did not expressly deny Defendant's claim that Plaintiff was driving on the white line.  (*Id.*)   Furthermore, Defendant pled "no contest" at his state criminal trial and was convicted of failing to maintain his lane.  (*Id.*)

Plaintiff now argues that the Court did not correctly apply the standard for summary judgment when it evaluated Plaintiff's claim for an unlawful traffic stop.  (Doc. 50 at 1.)   He asserts that the Court did not properly consider the evidence he "firmly assert[ed]."  (Doc. 50 at 2.)   Specifically, Plaintiff argues that his statement that he "may have inadvertently crossed a white line during a turn" should not be held against him because crossing a white line during a turn is legal.  (Doc. 51 at 2.)   The Court agrees that crossing a white line during a legal turn is permissible.  That is not the issue.  The problem is that Plaintiff's statement is both equivocal— did he or did he not make a turn on the highway?—and inconsistent with his other statements. (Doc. 48 at 5.)

Plaintiff's statements were inconsistent, irresolute, and failed to contradict Defendant's assertion that Plaintiff was driving on the white line.  Failing to contradict that evidence meant Plaintiff could not establish that Defendant violated Plaintiff's constitutional rights.  *See Beard v. Banks*, 548 U.S. 521, 527 (2006) (finding that a plaintiff's failure to specifically challenge defendant's stated facts means the facts are deemed undisputed).  Plaintiff's proffered evidence was insufficient to overcome Defendant's qualified immunity and insufficient to collaterally attack Plaintiff's state conviction.

Plaintiff does not claim to have a new legal analysis or new evidence.  He only asks the Court to reconsider evidence it has previously considered.  That creates an inadequate foundation for a Motion to Reconsider.  *See Servants of the Paraclete*, 204 F.3d at 1012 ("[Rule 59(e)] is an

inappropriate vehicle[] to reargue an issue previously addressed by the court.").  In conclusion,

the Court denies Plaintiff's Motion to Reconsider.

       **THEREFORE**,

       **IT IS ORDERED** that Plaintiff's Motion to Reconsider (Doc. 50) is **DENIED**.


_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**